# UNITED STATES DISTRICT COURT

# FOR THE WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| BUILDING INDUSTRY ASSOCIATION OF WASHINGTON; AIR AMERICA INC.; AIREFCO INC.; BOA CONSTRUCTION CO.; COMPLETE DESIGN INC.; CVH INC.; ENTEK CORP.; FAMILY HOME INVESTMENTS CORP.; SADLER CONSTRUCTION INC.; TRACY CONSTRUCTION CO., <br><br> Plaintiffs, <br><br> v. <br><br> WASHINGTON STATE BUILDING CODE COUNCIL, <br><br> Defendant. | Case No. <br><br> COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF |

## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

## I. INTRODUCTION

1. This action seeks declaratory and injunctive relief under federal law against enforcement of certain provisions of the Washington State Energy Code, as amended and scheduled to become effective on July 1, 2010.

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

1

2. The relevant section of the amended code is WAC 51-11-0900 (attached as Exhibit A), hereinafter referred to as "Chapter 9".

3. The requirements of Chapter 9 are in conflict with and preempted by federal law and regulations which govern the energy efficiency of certain residential heating, ventilation, air d Conditioning (HVAC) and plumbing products, including the Energy Policy and Conservation Act of 1975 ("EPCA"), as amended by the National Appliance Energy Conservation Act of 1987 ("NAECA"), Public Law No. 100-12, and the Energy Policy Act of 1992 ("EPACT"), Public Law No. 102-486, 42 U.S.C § 6297. As a result, Chapter 9 violates the Supremacy Clause in Article VI of the United States Constitution.

4. Defendant Washington State Building Code Council ("SBCC") is violating U.S.C. and the Supremacy Clause in Article VI of the United States Constitution and the Interstate Commerce Clause, U.S. Constitution Article 1, section 8, cl. 3.

5. This Court has authority to grant the relief sought under 28 U.S.C. § 1331, 1343, and 2201, 42 U.S.C. § 1983 and 1988, and 42 U.S.C. § 6306(c).

## II. JURISDICTION AND VENUE

6. Jurisdiction is proper because, under 42 U.S.C. § 6306(c), federal district courts have express jurisdiction over suits brought by any adversely affected person concerning state and local government compliance with the Energy Policy and Conservation Act.

7. Venue of this Court is proper under 28 U.S.C. § 1391(b) because, among other things, the actions violating federal law stated in this Complaint impose injury in this District, Defendant is located here, and the regulatory provisions at issue will be enforced here.

## III. PARTIES

COMPLAINT FOR DECLARATORY            2
AND INJUNCTIVE RELIEF

8. Plaintiff Building Industry Association of Washington (BIAW) is a non-profit trade association. BIAW has over 11,500 company members involved in various aspects of the home building industry, including suppliers and installers of residential HVAC systems, home builders, energy efficiency consultants and design professionals.

9. Plaintiff Air America Inc. is a heating, ventilation and air conditioning contractor in Washington state.

10. Plaintiff Airefco Inc. is a heating, ventilation and air conditioning contractor with corporate headquarters in Oregon and doing business in Washington state.

11. Plaintiff BOA Construction Co. is a residential home builder in Washington state.

12. Plaintiff Complete Design Inc. is a construction design firm in Washington state.

13. Plaintiff CVH Inc. is a residential home builder in Washington state, specializing in green and energy efficient homes.

14. Plaintiff Entek Corp. is a heating, ventilation and air conditioning contractor in Washington state.

15. Plaintiff Family Home Investments Corp. is a construction contractor in Washington state.

16. Plaintiff Sadler Construction Inc. is a residential home builder in Washington state.

17. Plaintiff Tracy Construction Co. is a residential home builder in Washington state.

18. Plaintiffs will suffer harm in their respective businesses in this State as a result of the section of the State Energy Code they are challenging. These harms include but are not limited to the effects set forth below.

19. The relevant section of the code will effectively prohibit the Plaintiffs and all other Washington state distributors or contractors, from selling or installing residential HVAC

COMPLAINT FOR DECLARATORY          3          BUILDING INDUSTRY ASS'N OF WASHINGTON
AND INJUNCTIVE RELIEF                                    PO Box 1909
                                                        Olympia, WA 98507
                                                  Telephone: (360) 352-7800
                                                  Facsimile: (360) 352-7801

products, water heaters and plumbing equipment for use in Washington that do not meet the requirements set forth in the code.

20. The challenged provisions of the Code will increase the costs of certain products used in the state of Washington including HVAC products, water heaters and plumbing products manufactured, distributed, sold or installed by plaintiffs. Increased prices of this equipment will lead to losses of sales and related activities as residential consumers choose not to buy new homes, or simply are not able to buy new homes because they will be priced out of the market.

21. As a result of the reductions of new home sales, the Plaintiffs and all other Washington state distributors and contractors who sell and install HVAC products, water heaters and plumbing products for use in the State of Washington will sustain economic harm through lost profits and goodwill.

22. Plaintiffs, in reliance on the federal energy efficiency and energy use standards, have valuable investments in inventories of equipment and home designs which comply with federal standards but which do not comply with the recently updated state energy code.

23. The state code will disrupt sales of HVAC products, water heaters and plumbing products intended for use in the state due to confusion of manufacturers, distributors and contractors about which standards they must adhere to.

24. Distributors and Contractors in neighboring states which have not adopted the same regulatory provisions challenged in this action will not suffer the same or similar adverse effects on their businesses. Those effects place Washington distributors and contractors with a uniquely affected class harmed by the regulations challenged here.

COMPLAINT FOR DECLARATORY
AND INJUNCTIVE RELIEF

4

25. Plaintiff BIAW is currently expending resources to educate contractors, distributors and others about the new changes to the state energy code. This education effort is already resulting in economic harm as a result of the regulations challenged in this action.

26. In sum, Plaintiffs will suffer economic harm if they are forced to comply with the preempted regulations, including being unable to supply certain equipment (for suppliers), being unable to obtain certain equipment in Washington state (for builders), being unable to decipher the Code in a way that allows them to meaningfully assist customers in selecting equipment that will comply with the Code (all), having to increase warehouse space to carry additional stock and larger stock (suppliers), and losing business because the general price of a home is estimated to increase approximately $4,000-$15,000, pricing many potential homebuyers out of the market.

27. The harm complained of herein is irreparable because even if Plaintiffs prevail, it may be impossible to obtain damages from the State due to sovereign immunity.

28. Defendant Washington State Building Code Council is an independent state agency pursuant to RCW 19.27.070, whose members are selected by the Governor. The SBCC is charged with adoption and maintenance of the state building codes, including the state energy code.

## IV.  RIPENESS

29. The claims asserted herein are ripe for review because Plaintiffs are making a challenge to the facial validity of the Washington State Energy Code Chapter 9, which is a legal question. When a question is "predominantly legal," there is generally no need to await further factual development. *Pacific Gas and Electric Co. v. State Energy Resources Conservation and Dev. Comm'n*, 461 U.S. 190, 201 (1983).

COMPLAINT FOR DECLARATORY            5            BUILDING INDUSTRY ASS'N OF WASHINGTON
AND INJUNCTIVE RELIEF                                        PO Box 1909
                                                                      Olympia, WA 98507
                                                              Telephone: (360) 352-7800
                                                              Facsimile: (360) 352-7801

## V.  GENERAL ALLEGATIONS

30.  This case involves one chapter of the Washington State Energy Code, enumerated in WAC 51-11-0900.  The Washington State Energy Code was updated in 2009 by the Washington State Building Code Council.

31.  The Building Code Council voted to approve the changes to the Energy Code on November 20, 2009.

32.  The updated version of the Washington State Energy Code goes into effect on July 1, 2010.

33.  The new Chapter 9 of the Washington State Energy Code includes a table of options for builders in order to achieve higher energy efficiency performance.

34.  Table 9-1 is designed to be a "pick list" for builders to use in order to achieve certain levels of energy efficiency in a home.  The so-called "options" are accompanied by "credits" and builders are required to achieve one credit from the "options" included in the table.  The options in the table effectively mandate that homes have HVAC, plumbing or water heating equipment that meet a higher efficiency standard than those set by the federal government.

35.  Pursuant to the requirements of EPCA, the federal Department of Energy has the responsibility for periodic updates of these standards.  DOE updated the federal standards for air conditioners and heat pumps in 2001, which became effective in 2006.  (See 10 C.F.R. § 430.32(c)(2)).  Standards for residential furnaces and boilers are currently being revised by DOE through its rulemaking process, with likely effective dates ranging from 2011 to 2015.

36.  Options 1a, 1b, 1c and 2 explicitly require higher efficiency equipment.  The current federal standard for furnaces is 78% efficiency for furnaces (42 USC § 6295 and 6297),

COMPLAINT FOR DECLARATORY
AND INJUNCTIVE RELIEF

6

BUILDING INDUSTRY ASS'N OF WASHINGTON
PO Box 1909
Olympia, WA 98507
Telephone: (360) 352-7800
Facsimile: (360) 352-7801

but the Washington State energy code Table 9-1 effectively requires a high efficiency furnace (92% efficiency).

37. Options 3a, 3b and 3c concern the building envelope itself (windows and insulation). Option 3a would need to be combined with another option in order to qualify. 3b and 3c are simply not viable in many circumstances. (Many manufacturers do not even make windows that meet these values.)

38. Options 4a and 4b concern ventilation and air leakage control. 4a would have to be combined with another option and 4b would be impossible in many circumstances.

39. Options 5a and 5b concern high efficiency water heating and faucet flow. The current federal standards for water heating equipment are based on a formula whereby the most popular size (50 gallons for electric) results in a standard (energy factor) of .88. For the most popular size of gas water heaters (40 gallons), the standard (energy factor) is .54. Therefore, applying the formula whereby tank size is factored in, Options 5a and 5b require efficiencies in excess of federal standards. Option 5a sets an efficiency standard of .93 for electric and .62 for gas, and only assigns one-half a credit, effectively mandating the installation of an upgraded water heating equipment in homes with electric systems.

40. In addition, both options 5a and 5b presume that gas is available to the home, which is not always the case. For those who use electric or hydronic heat, an upgraded higher-efficiency water heater must be used in the home. In layman's terms, this means home builders and buyers will effectively be forced to use a tankless water heater.

41. Finally, both options 5a and 5b require reduced faucet flow at a standard above federal standard. For lavatory and kitchen faucets, as well as showerheads, the U.S. Department of Energy in 1998 adopted a 2.2 gpm standard for all faucets (see 63 FR 13307;

COMPLAINT FOR DECLARATORY
AND INJUNCTIVE RELIEF

7

March 18, 1998, 10 *CFR* Part 430.32; See also 42 U.S.C. 6295(j)).  Table 9-1 Option 5 outlines a flow of 1.75 gpm or less for kitchen faucets and shower heads and 1 gpm or less for all other lavatory faucets, above federal standards.  (Incidentally, there is an established advisory specification for high efficiency/low-flow lavatory faucets at 1.5 gpm, promoted by the Environmental Protection Agency's *Water Sense* program and option 5a goes *even further* than this low flow/water efficient standard.)

42.  Option 6 is to build a home less than 1,500 square feet.  This is simply not an option in many circumstances.[1]

43.  Option 7, which is not an option at all, but a penalty, subtracts one credit for a home exceeding 5,000 square feet.

44.  Option 8 provides half a credit for renewable electric energy (solar or wind), which are simply not viable for many homes/home sites.

45.  To reiterate, options 3a, 4a, 5a and 8 would have to be combined with other options, either upgraded heating or water heating equipment, in order to achieve the necessary credits to meet the code.

46.  Table 9-1 outlines a set of false choices.  In effect, the "options" in this table mandate the installation of products with efficiency standards in excess of federal standards.

VI.  CLAIM FOR RELIEF

**Violation of 42 U.S.C. 6297 – Imposing energy efficiency standards higher than those set by the federal government**

---

[1] Plaintiffs would submit that a blanket regulation forcing individuals to live in or construct a home of a certain size runs afoul of constitutional protections against unlawful takings.

COMPLAINT FOR DECLARATORY          8
AND INJUNCTIVE RELIEF

BUILDING INDUSTRY ASS'N OF WASHINGTON
PO Box 1909
Olympia, WA 98507
Telephone: (360) 352-7800
Facsimile: (360) 352-7801

47. Plaintiffs reallege and incorporate herein, as if fully set forth, each and every allegation contained in paragraphs 1 through 46 of this complaint and further allege:

48. The energy efficiency and energy use standards for certain residential heating, ventilation, air conditioning and plumbing products are governed by the Energy Policy and Conservation Act of 1975 ("EPCA"), 42 U.S.C. § 6291 *et seq.*   EPCA has been substantially amended twice, in 1987 and 1992, and sets forth direction for the federal Department of Energy ("DOE") to prescribe federal industry-wide baseline standards for 13 "covered products." DOE is also tasked with periodically updating those standards.  The list of "covered products" includes central air conditioners and heat pumps (42 U.S.C. § 6295(d)), water heaters, pool heaters and direct heating equipment (42 U.S.C. § 6295(e)), furnaces and boilers (42 U.S.C. § 6295(f)), and plumbing products (42 U.S.C. § 6295(j)).

49. Congress adopted EPCA, and its subsequent amendments, in order to create stability for manufacturers and distributors.  The preemption provisions were broadly framed because Congress wanted to "end an era of confusion and uncertainty" for the industry and "protect the appliance industry from having to comply with a patchwork of numerous conflicting State requirements." H.R. Rep. No. 100-11 at 24, 30.  Congress recognized that such a "patchwork" would "increasingly complicate their design, production and marketing plans." S. Rep. No. 100-6 at 4 (1987).  Congress intended that 42 U.S.C. § 6297 would "preempt[] state law under most circumstances." H.R. Rep. 100-11 at 19.

50. EPCA contains express preemption provisions that prohibit (with certain limited exceptions) any "State regulation, or revision thereof, concerning the energy efficiency, energy use, or water use of the covered products. . ." 42 U.S.C. § 6297(c).  A "state regulation" is

COMPLAINT FOR DECLARATORY
AND INJUNCTIVE RELIEF                          9          BUILDING INDUSTRY ASS'N OF WASHINGTON
                                                                          PO Box 1909
                                                                          Olympia, WA 98507
                                                                          Telephone: (360) 352-7800
                                                                          Facsimile: (360) 352-7801

defined as any "law, regulation, or other requirement of a State and its political subdivisions." 42 U.S.C. § 6297(a)(2)(A).

51. The use of the word "concerning" suggests that Congress intended the preemption provision to be expansive. Black's Law Dictionary defines "concerning" as "relating to" and the Supreme Court has made clear that the words "relating to" express a broad preemtive purpose. See Shaw v. Delta Air Lines, 463 U.S. 85, 96 (1983); Metropolitan Life Ins. Co. v Massachusetts, 471 U.S. 724, 739 (1985); Ingersoll-Rand Co. v. McLendon, 498 U.S. 133, 138 (1990).

52. Chapter 9 of the Washington State Energy Code is a "regulation concerning the energy efficiency, energy use, or water use of covered products" because Chapter 9 specifically outlines prescriptive alternatives for HVAC and water heating equipment.

53. Federal law outlines two routes for a state or local jurisdiction to qualify for an exception to federal preemption. First, DOE can grant a waiver of preemption to a state of the state appeals to the Secretary of DOE and the Secretary finds that the state regulation is needed to meet some "unusual or compelling state or local energy or water interests," that are "substantially different in nature or magnitude than those prevailing in the United States generally." 42 U.S.C. § 6297(d).

54. The Washington SBCC has not asked DOE for a waiver of preemption.

55. The second option to avoid preemption is commonly referred to the "building code" exception and is intended to allow state or local governments to pursue "performance-based building code approaches." 42 U.S.C. § 6297(f); H.R. No. 100-11 at 39. In order to qualify for this exception, the state or local code must meet a strict 7-part test, enumerated in 42 U.S.C. § 6297(f)(3). This exception applies only to new construction, not to renovations.

COMPLAINT FOR DECLARATORY
AND INJUNCTIVE RELIEF

10

BUILDING INDUSTRY ASS'N OF WASHINGTON
PO Box 1909
Olympia, WA 98507
Telephone: (360) 352-7800
Facsimile: (360) 352-7801

The legislative history of NAECA sheds light on Congress's purpose in including the "building code" exception for residential products at 6297(f)(3). The House Report states that the building code exception was intended to "prevent[] state building codes from being used as a means of setting mandatory State appliance standards in excess of Federal Standards." H.R. Rep. 100-11 at 26. In addition, the flexibility provided to states in this provision was "limited" to "ensure that performance-based codes cannot expressly or effectively require the installation of covered products whose efficiencies exceed. . . the applicable Federal standard. . ." H.R. Rep. 100-11 at 26 (emphasis added). Further, it was Congress's intent that a qualifying building code "follow a one-for-one equivalency as closely as possible to assure that the credits for exceeding Federal standards are even handed and are not unfairly weighted resulting in undue pressure on builders to install covered products exceeding Federal standards." S. Rep. 100-6 at 11.

56. According to 42 U.S.C. § 6297(f)(3)(A), the first requirement of the seven-part test is that the "code permits a builder to meet an energy consumption or conservation objective for a building by selecting items whose combined energy efficiencies meet the objective."

57. According to 42 U.S.C. § 6297(f)(3)(B), the code in question cannot require that any covered product have an energy efficiency exceeding the applicable federal energy conservation standard. However, the required overall efficiency set out in the "pick list" in Table 9-1 cannot be met without the use of products that exceed the federal energy conservation standards.

58. According to 42 U.S.C. § 6297(f)(3)(C), the code at issue must provide a one-for-one equivalent energy use for installing covered products having energy efficiencies exceeding federal energy conservation standards. With the inclusion of Table 9-1, the Washington state

COMPLAINT FOR DECLARATORY
AND INJUNCTIVE RELIEF

11

energy code includes trade offs that weigh in favor of one building component or feature over another, and therefore do not meet the one-for-one equivalent energy use or equivalent cost basis requirement.

59. According to 42 U.S.C. § 6297(f)(3)(D), the fourth requirement of the seven-part test is that if the code uses one or more baseline building designs against which all submitted building designs are to be evaluated, such baseline designs must be based on products that meet but do not exceed the federal energy efficiency standards. This requirement does not apply to the facts at hand.

60. According to 42 U.S.C. § 6297(f)(3)(E), if the code sets forth one or more optional combinations of items which meet the objective, it is required that "for every combination which includes a covered product the efficiency of which exceeds either standard or level referred to [above], there also shall be at least one combination which includes such covered product the efficiency of which does not exceed such standard or level by more than 5 percent, except that at least one combination shall include such covered product the efficiency of which meets but does not exceed such standard." Table 9-1 effectively requires combinations that include higher efficiency water heating or heating equipment than those set forth in federal standards.

61. According to 42 U.S.C. § 6297(f)(3)(F), the energy consumption or conservation objective must be specified in terms of an estimated total consumption of energy. Chapter 9 does not specify how energy consumption is to be measured.

62. According to 42 U.S.C. § 6297(f)(3)(G), the final requirement in the seven-part test, the code's testing procedures must comply with the applicable testing procedures under U.S.C. 6293. Chapter 9 does not specify testing procedures.

COMPLAINT FOR DECLARATORY
AND INJUNCTIVE RELIEF

12

63. The criteria outlined in 42 U.S.C. § 6297 allow state and local building codes flexibility to incorporate equipment efficiencies in "whole building" energy conservation measures. Under the new construction exception to the preemption rule, the state code may provide credits for installing more efficient HVAC equipment or water heaters and allow those credits to be used to offset anticipated energy losses resulting from the choice of other less efficient building features. However, any such trade offs cannot be weighed in favor of one building component or feature over another, that is, the credits must be on a one-for-one equivalent energy use or equivalent cost basis. In addition, the credits therefore must be transparent so that comparisons of energy consumption can be made.

64. As stated in paragraphs 30 through 63 above, the menu of "options" in Table 9.1 is not extensive enough and in effect forces homebuilders to install high efficiency HVAC, water heating and plumbing equipment with performance standards in excess of those set by federal law.

65. Further, many of the options are simply impossible in Washington state and would force builders to use the high efficient HVAC, water heating or plumbing options.

66. The SBCC fails to meet the requirements of the seven-part test in 42 U.S.C. § 6297 in order to qualify for an exception to the rule of federal preemption.

67. The options included in Washington State Energy Code Table 9-1 are not options at all; they are regulations that mandate homes use HVAC equipment that meet a higher standard than the standards set out in federal law. Chapter 9 effectively mandates the installation of HVAC, water heating and plumbing equipment with efficiencies in excess of federal standards.

## VII. CONCLUSION

COMPLAINT FOR DECLARATORY
AND INJUNCTIVE RELIEF

13

BUILDING INDUSTRY ASS'N OF WASHINGTON
PO Box 1909
Olympia, WA 98507
Telephone: (360) 352-7800
Facsimile: (360) 352-7801

68. The United States Constitution makes federal law and regulations "the supreme Law of the Land." United States Constitution, article VI, cl. 2.

69. The interstate commerce clause, U.S. Constitution Article 1, section 8, cl. 3, creates open national markets and prohibits unreasonable burdens upon interstate commerce.

70. The described provisions of the Washington State Energy Code violate the rights of all the plaintiffs to freedom of commerce as guaranteed by the interstate commerce clause.

71. Plaintiffs have legally protected interests under the Constitution, EPCA and other federal laws (including 42 U.S.C. § 1983) in the full enforcement of federal energy efficiency standards against Defendant's implementation of the Chapter 9 of the Washington State Energy Code.

72. Chapter 9 of the Washington State Energy Code imposes standards that have not been granted a waiver of preemption and does not qualify for any statutory exception from federal preemption. The identified provisions of the Washington State Energy Code are thus preempted under 42 U.S.C. § 6297.

73. Plaintiffs will be actually and irreparably injured with respect to their federally protected interests if the described provisions of the Washington State Energy Code are not declared unlawful and if Defendant is not enjoined from implementing the described provisions of Chapter 9 of the Washington State Energy Code. Simply put, plaintiffs should not be penalized for using equipment that meets federal efficiency standards.

## VIII. PRAYER FOR RELIEF

Wherefore, Plaintiffs pray for judgment as hereinafter set forth:

A. For a declaration and order finding Defendants in violation of 42 U.S.C. § 6297 and the Supremacy Clause of the Amendment of the United States Constitution;

COMPLAINT FOR DECLARATORY
AND INJUNCTIVE RELIEF

14

BUILDING INDUSTRY ASS'N OF WASHINGTON
PO Box 1909
Olympia, WA 98507
Telephone: (360) 352-7800
Facsimile: (360) 352-7801

B. For injunctive relief prohibiting the state from enacting the challenged sections of the regulations as scheduled on July 1, until this case is resolved.

C. For costs and expenses of this suit, including reasonable attorneys' fees; and

D. For any other relief this Court deems appropriate.

Respectfully submitted this 25th day of May, 2010.

Timothy M. Harris, WSBA No. 29906
Julie M. Nichols, WSBA No. 37685
Building Industry Association of Washington
111 – 21st Avenue SW
P.O. Box 1909
Olympia, WA  98507
(360) 352-7800
(360) 352-7801

COMPLAINT FOR DECLARATORY
AND INJUNCTIVE RELIEF

15

BUILDING INDUSTRY ASS'N OF WASHINGTON
PO Box 1909
Olympia, WA 98507
Telephone: (360) 352-7800
Facsimile: (360) 352-7801

# Exhibit A

# CHAPTER 9
## ADDITIONAL SINGLE-FAMILY RESIDENTIAL ENERGY EFFICIENCY REQUIREMENTS

**901 Additional Residential Energy Efficiency Requirements.** Dwelling units permitted under this Code shall comply with all provisions of Chapter 5 of this Code and develop one credit from Table 9-1.

   **EXCEPTION:** Buildings complying using Chapter 4 Building Design by Systems Analysis shall meet this provision of this section by demonstrating that the proposed building energy use is 16 percent less than the target building energy use.

## TABLE 9-1
## ENERGY CREDITS (DEBITS)

| OPTION | DESCRIPTION | CREDIT(S) |
|---|---|---|
| 1a | HIGH EFFICIENCY HVAC EQUIPMENT 1: Gas, propane or oil-fired furnace or boiler with minimum AFUE of 92%, or Air-source heat pump with minimum HSPF of 8.5. | 1.0 |
| 1b | HIGH EFFICIENCY HVAC EQUIPMENT 2: Closed-loop ground source heat pump; with a minimum COP of 3.3. | 2.0 |
| 1c | HIGH EFFICIENCY HVAC EQUIPMENT 3: DUCTLESS SPLIT SYSTEM HEAT PUMPS, ZONAL CONTROL: In home where the primary space heating system is zonal electric heating, a ductless heat pump system shall be installed and provide heating to at least one zone of the housing unit. | 1.0 |
| 2 | HIGH EFFICIENCY HVAC DISTRIBUTION SYSTEM:[1] All heating and cooling system components installed inside the conditioned space. All combustion equipment shall be direct vent or sealed combustion. Locating system components in conditioned crawl spaces is not permitted under this option. Electric resistance heat is not permitted under this option. Direct combustion heating equipment with AFUE less than 80% is not permitted under this option. | 1.0 |
| 3a | EFFICIENT BUILDING ENVELOPE 1: Prescriptive compliance is based on Table 6-1, Option III with the following modifications: Window U .= 0.28 floor R-38, slab on grade R-10 full, below grade slab R-10 full. or Component performance compliance: Reduce the Target UA from Table 5-1 by 5%, as determined using EQUATION 1.[1] | 0.5 |
| 3b | EFFICIENT BUILDING ENVELOPE 2: Prescriptive compliance is based on Table 6-1, Option III with the following modifications: Window U .= 0.25 and wall R-21 plus R-4 and R-38 floor, slab on grade R-10 full, below grade slab R-10 full, and R-21 plus R-5 below grade basement walls. or Component performance compliance: Reduce the Target UA from Table 5.1 by 15%, as determined using EQUATION 1.[1] | 1.0 |

Effective July 1, 2010

WASHINGTON STATE ENERGY CODE

| 3c | SUPER-EFFICIENT BUILDING ENVELOPE 3:<br><br>Prescriptive compliance is based on Table 6-1, Option III with the following modifications:  Window U .= 0.22 and wall R-21 plus R-12 and R-38 floor, slab on grade R-10 full, below grade slab R-10 full and R-21 plus R-12 below grade basement walls and R-49 advanced ceiling and vault.<br><br>**or**<br><br>Component performance compliance: Reduce the Target UA from Table 5.1 by 30%, as determined using EQUATION 1.[1] | 2.0 |
|----|-----------------------------------------------------------------------------------------|-----|
| 4a | AIR LEAKAGE CONTROL AND EFFICIENT VENTILATION:<br><br>Envelope leakage reduced to SLA of 0.00020 building envelope tightness shall be considered acceptable when tested air leakage is less than specific leakage area of 0.00020 when tested with a blower door at a pressure difference of 50 PA.  Testing shall occur after rough in and after installation of penetrations of the building envelope, including penetrations for utilities, plumbing, electrical, ventilation, and combustion appliances.<br><br>**and**<br><br>All whole house ventilation requirements as determined by Section M1508 of the Washington State Residential Code shall be met with a heat recovery ventilation system in accordance with Section M1508.7 of that Code. | 0.5 |
| 4b | ADDITIONAL AIR LEAKAGE CONTROL AND EFFICIENT VENTILATION:<br><br>Envelope leakage reduced to SLA of 0.00015 building envelope tightness shall be considered acceptable when tested air leakage is less than specific leakage area of 0.00015 when tested with a blower door at a pressure difference of 50 PA.  Testing shall occur after rough in and after installation of penetrations of the building envelope, including penetrations for utilities, plumbing, electrical, ventilation, and combustion appliances.<br><br>**and**<br><br>All whole house ventilation requirements as determined by Section M1508 of the Washington State Residential Code shall be met with a heat recovery ventilation system in accordance with Section M1508.7 of that Code. | 1.0 |
| 5a | EFFICIENT WATER HEATING:[1]<br><br>Water heating system shall include one of the following:<br><br>Gas, propane or oil water heater with a minimum EF of 0.62.<br><br>**or**<br><br>Electric Water Heater with a minimum EF of 0.93.<br><br>**and for both cases**<br><br>All showerhead and kitchen sink faucets installed in the house shall meet be rated at 1.75 GPM or less.  All other lavatory faucets shall be rated at 1.0 GPM or less.[2] | 0.5 |

Effective July 1, 2010

| 5b | HIGH EFFICIENCY WATER HEATING:[1] <br><br>Water heating system shall include one of the following: <br><br>Gas, propane or oil water heater with a minimum EF of 0.82. <br><br>or <br><br>Solar water heating supplementing a minimum standard water heater. Solar water heating will provide a rated minimum savings of 85 therms or 2000 kWh based on the Solar Rating and Certification Corporation (SRCC) Annual Performance of OG-300 Certified Solar Water Heating Systems. <br><br>or <br><br>Electric heat pump water heater with a minimum EF of 2.0. | 1.5 |
|----|----|----|
| 6 | SMALL DWELLING UNIT 1:[1] <br><br>Dwelling units less than 1500 square feet in floor area with less than 300 square feet of window + door area. Additions to existing building that are less than 750 square feet of heated floor area. | 1.0 |
| 7 | LARGE DWELLING UNIT 1:[1] <br><br>Dwelling units exceeding 5000 square feet of floor area shall be assessed a deduction for purposes of complying with Section 901 of this Code. | -1.0 |
| 8 | RENEWABLE ELECTRIC ENERGY: <br><br>For each 1200 kWh of electrical generation provided annually by on-site wind or solar equipment a 0.5 credit shall be allowed, up to 3 credits. Generation shall be calculated as follows: <br><br>For solar electric systems, the design shall be demonstrated to meet this requirement using the National Renewable Energy Laboratory calculator PVWATTs. Documentation noting solar access shall be included on the plans. <br><br>For wind generation projects designs shall document annual power generation based on the following factors: <br><br>The wind turbine power curve; average annual wind speed at the site; frequency distribution of the wind speed at the site and height of the tower. | 0.5 |

Footnotes:

1. **Interior Duct Placement:** Ducts included as Option 2 of Table 9-1 shall be placed wholly within the heated envelope of the housing unit. The placement shall be inspected and certified to receive the credits associated with this option.

   EXCEPTION: Ducts complying with this section may have up to 5% of the total linear feet of ducts located in the exterior cavities or buffer spaces of the dwelling. If this exception is used the ducts will be tested to the following standards:

   Post-construction test: Leakage to outdoors shall be less than or equal to 1 CFM per 100 ft$^2$ of conditioned floor area when tested at a pressure differential of 0.1 inches w.g. (25 Pa) across the entire system, including the manufacturer's air handler enclosure. All register boots shall be taped or otherwise sealed during the test.

2. **Plumbing Fixtures Flow Ratings.** Low flow plumbing fixtures (water closets and urinals) and fittings (faucets and showerheads) shall comply with the following requirements:

   (a) Residential bathroom lavatory sink faucets: Maximum flow rate - 3.8 L/min (1.0 gal/min) when tested in accordance with ASME A112.18.1/CSA B125.1.

   (b) Residential kitchen faucets: Maximum flow rate - 6.6 L/min (1.75 gal/min) when tested in accordance with ASME A112.18.1/CSA B125.1.

   (c) Residential showerheads: Maximum flow rate - 6.6 L/min (1.75 gal/min) when tested in accordance with ASME A112.18.1/CSA B125.1.